Good morning, Your Honor. Let me just introduce this because we're making a recording of this. Yesterday, on motion by the State, who is the appellant in this matter, we dismissed the appeal. You did not file an opposition, although the State noted in its motion that you did oppose on matter, at least on the issue of timeliness. I understand you're here and want to speak to us. Let us treat this as a conversation as to whether or not we should reconsider our granting of the motion to dismiss. But there are no formal pieces of paper in front of us at this time. The case is Fernandez v. Stewart, and the case number is 03-16314. And we have a formal order. It is appellant's voluntary motion dismissed with prejudice filed September 16, 2004 is granted. This case is removed from the September 17, 2004 San Francisco oral argument calendar, certified copy. This order shall constitute the mandate of this Court. Appeal dismissed with prejudice. Appellant to bear cause. That's the order. Okay. Appellant to bear the cause? Appellant. That's not you. Oh, okay. Your Honor. That's the Attorney General. Your Honor, this came as a shock out of the blue. I was in San Francisco when the Assistant Attorney General calls and says they've now decided they want to dismiss this case and not go through with it. The purpose of bringing this case, as the Attorney General said in the early going, was to establish a precedent that people like Mr. Fernandez should not be permitted to get three or four years into a lengthy state sentence, find a federal constitutional issue such as double jeopardy, and then be able to go into district court and obtain a ruling when he has not raised this in the early go-around of rounds of appeals and reviews in the state proceeding. The only thing that's different is that I know there was an election in there somewhere and we got a new Attorney General and the supervisors changed. But to dismiss a case on the eve of an oral argument really just doesn't seem reasonable or right. What relief do you think you could have gotten better than what you got? Well, I think the issue should have been decided as to whether this issue was moved. Even if it was adverse to your client? What is the adverse? Would you prefer to walk away from this court with a loss on the merits in order to establish precedent? Well, I thought it was a very good argument, sir, and I was loaded for bear when I came in here. Well, I understand the disappointment, but you're representing a client who seems to be mysteriously misidentified. But you didn't appeal from the judgment below. You discharged your duties as an advocate and whatever. And you go back with what you preserved and won at the district court, or were you the counsel in the district court? Frankly, I don't see where it would make a bit of difference to Mr. Fernandez or to the state because he has a remaining felony conviction for drug trafficking, regardless of what this court decides. If he has two convictions for one crime. Well, he doesn't have that now. No, he doesn't. No. And frankly. It's not clear to me what relief the state conceded to you. It's just that it seems unseemly and an imposition both on the court and on the CJA program to do all the work, come up here, and be ready to go just at the tip. So look what happened. You've been so effective, the other side just totally collapsed as they got ready for the sorority. Absolutely. They let us know. They were honest and forthright about it. And they said, we're just not prepared to go in and lie to the court or cheat or steal or anything else, and we're going to give the other party everything they've asked for, including costs. Gosh, we can't turn down a deal like that, and I don't think you should either. Well, but they should do it earlier. Well, that may be so. Nothing's new in this case. That may be so. But note that the costs were imposed on the state, which normally might not happen. Might not happen. Well, it just seemed like it. But we appreciate it. We know. We understand the inconvenience. Now, one more thing. Just if I could just say. As a litigator, I learned that when you win, you close up the book and you walk out. You don't even let the judge negotiate about it again. Take it any way you can. If it ain't fixed, if it ain't broke, don't fix it. But I appreciate you as a CJA attorney. Well, Judge, I'll tell you, I served as an arbitrator in Pinal County, and I was an NASD arbitrator, and I think there's nothing more annoying than to prepare a case and study and, you know, get down there and then find out the parties have resolved. Think of all the work we did on this case. That's what I'm saying. We appreciate it. If there are costs that you can't otherwise recover, be sure you file a cost bill in 10 days, like the rule requires. So check with your secretary or your bookkeeper or whatever. But if you've made some expenditures that are within the cost rule, be sure you get your affidavit. Now, I was appointed under the Criminal Justice Act. Well, some of them may be good under that Act and may not be good. It may be good under the court rules and not good under the Act. I just don't want any problems. Yeah. Just make sure you get your money. And one last question. I should know the answer, but I did not bring the Fernandez case up here with me. Was the district court opinion published? No. No, it was not. So this is not a, I'll call it a Bonner-Malls question. I mean, they're not trying to get rid of a published precedent. They just don't want to. No, they just don't want to defend these type of claims in the district court. They want to cite United States or State of Arizona versus Fernandez and dismiss it early. They want to get out of litigation even though it caused more litigation. Okay. Unintended consequences. Well, we thank you for your efforts both before today and today as well. Okay. Thank you, Judge. Thank you. That concludes the argument calendar for today and for the week. We are now in recess. All rise.
judges: Beezer, W. Fletcher, Fisher